ACCEPTED
12-15-00169-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/20/2015 8:06:36 PM
Pam Estes
CLERK

NO. 12-15-00169-CV

IN THE COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/20/2015 8:06:36 PM
PAM ESTES
Clerk

TWELFTH APPELLATE DISTRICT OF TEXAS
AT TYLER

EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON,
EVANCE ANDERSON, BILL BURTON, WILLIE MAE ANDERSON
AND JERRY J. ANDERSON (SMITH),
Appellants,

V.

ROBERT LOUIS DURHAM AND FRANK L. ZELLERS, III,
Appellees

_____

On appeal from the 173rd District Court
Henderson County, Texas
Trial Court No. 2012A-0662

_____

REPLY BRIEF OF APPELLANTS

_____

LANA JOHNSON
*State Bar number* 10763650
P. O. Box 816325
Dallas, TX 75381-6325
ATTORNEY FOR APPELLANTS

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................... ii

INDEX OF AUTHORITIES ............... iii

I.  SUMMARY OF THE ARGUMENT ........ 1

II. REPLY _____ 2
   A.  Appellee has Failed to address the issue   2
       that Durham's summary judgment was not the
       proper vehicle to address Appellants'
       failure to state a cause of action.

   B.  Fact questions exist regarding the Warranty   3
       Deed from B. A. Anderson due to alterations.

   C.  Appellants were denied the opportunity to   4
       discover the nature of Durham's claim that
       actually established the controversy.

   D.  Appellants were denied the opportunity to   5
       prove the elements of trespass to try title.

   E.  Durham failed to verify his challenge to   5
       his alleged defect of parties.

CERTIFICATE OF SERVICE ................... 6

CERTIFICATE OF COMPLIANCE _ ............... 6

# INDEX OF AUTHORITIES

CASES                                                              Page

Horizon v. Auld, 34 S.W.3d 887 (Tex. 2000).....          3

Perry v. Cohen, 285 S.W.3d 137 ..............          3
(Tex.App.-Austin 2009)

Spivy v. March, 151 S. W. 1037 (Tex. 1912)              4

TEXAS CONSTITUTION, STATUTES, AND RULES

Texas Rules of Appellate Procedure 38.1(f) and 38.3      1

T.R.C.P, Rule 90, 91 & 93 ........................      3

**TO THE HONORABLE TWELFTH DISTRICT COURT OF APPEALS:**

Appellants submit this Reply Brief praying that this Court reverse the trial court's order granting summary judgment dismissing Appellants' claims.

## I.
## SUMMARY OF THE ARGUMENT

Appellee attempts to mislead this Court by asserting that the trial court imposed a deadline for Appellants to amend their petition. The record does not support his assertion. Appellee improperly attacked Appellant's petition with a no evidence motion for summary judgment rather than properly filing special exceptions. (CR 32) The trial court erred by allowing amendment of Appellants' petition rather than requiring Appellee to properly file special exceptions, conducting a hearing with a proper order so that Appellants could cure any defects in their petition. The Texas Rules of Civil Procedure provide for pleading amendments during the pendency of summary judgment hearings. The trial court thereby denied Appellants due process of law and Appellants' rights were fatally violated. Appellants

1

are entitled to a new trial.  Further, Appellants were denied the opportunity to cure any defects in their affidavits and to conduct discovery on Appellee's amended answer and counterclaim.  The trial court abused its discretion by striking Appellants' evidence. Because the trial court abused its discretion, this Court should reverse the order granting summary and dismissal of Appellants' claims.

## II.
## REPLY

**A.  Appellee has failed to address the issue that Durham's summary judgment was not the proper vehicle to address Appellants' failure to state a cause of action.**

Texas Rules of Appellate Procedure 38.1(f) and 38.3 provide for statement of issues in Appellants' brief and reply brief.  Appellants raised the issue in their brief and Durham simply failed to adequately address the issue.  Appellants raised the issue of Durham's failure to file special exceptions to raise the defect of Appellants' standing as Plaintiffs in this suit.  Tex. Rules of Civ. Pro., Rule 91 provides that special

2

exceptions are required to raise the issue. The Court stated in Perry v. Cohen, 285 S.W.3d 137 (Tex.App.-Austin 2009) in footnote 4 "[4] Special exceptions inform the opposing party of defects in its pleadings, so the party may have an opportunity to cure the defect. See Horizon v. Auld, 34 S.W.3d 887, 897 (Tex.2000)." Further, Texas Rules of Civil Procedure, Rule 90 waives defect of parties unless objection by special exceptions is filed. T.R.C.P Rule 93 requires verification of pleadings asserting defect of parties and Durham failed to verify his operative pleading. Therefore, the trial court erred by granting summary judgment based upon the lack of evidence on the defect of parties concerning standing, by striking Appellants' evidence, concerning limitations and concerning the sufficiency of allegations of title to real property. Durham waived any defects and the issues were not ripe for determination by summary judgment.

**B.  Fact questions exist regarding the Warranty Deed from B. A. Anderson due to alterations.**

The alterations in the deed are substantial and not

technical defects. Durham failed to address the alterations and strike outs on the deed that distinguishes this case from the result in **Spivy v. March, 151 S.W. 1037 (Tex. 1912)** Further, **Spivy** involved a well developed record allowing the Texas Supreme Court to properly analyze the issue. The instant case involves denial of due process to properly develop the issues concerning laches and limitations. None of the cases that Durham cited involve strike outs on a deed and therefore fail to address the issue.

**C. Appellants were denied the opportunity to discover the nature of Durham's claim that actually established the controversy.**

Durham's Answer and Counterclaim placed title to the property Appellants claim. Appellant's had outstanding discovery to clarify the chain of title. Durham's deed was outside the chain of title and Appellants were prejudiced by the trial court refusal to grant a continuance to allow sufficient time for discovery of facts Durham alleged within six months prior to rendition of summary judgment.

4

**D.  Appellants were denied the opportunity to prove the elements of trespass to try title.**

Appellants alleged title from a purported common source relating back to B. A. Anderson.  A short delay for adequate discovery would not prejudice Durham.  The Zeller's deed from Durham's predecessor traces back to an unpublished instrument and Appellants had outstanding discovery to determine Durham's claim and substantiate Appellants' claim.

**E.  Durham failed to verify his challenge to his alleged defect of parties.**

Appellants had standing to challenge the deed from B. A. Anderson and Durham waived any defect.  Durham failed to address the exception to hearsay concerning family history.  The trial court erred by striking Appellants' recitation of family history.

**WHEREFORE, PREMISES CONSIDERED,** Appellants respectfully pray that this court grant review in this case and vacate the trial court's summary judgment. The Andersons also request any other relief to which he may be entitled.

5

Respectfully submitted,

_____*Lana Johnson*_____
LANA JOHNSON
Texas Bar No. 10763650
P. O. Box 816325
Dallas, TX  75381-6325
Tel. (903) 646-0672
Fax. (866) 447-7148
Attorney for Appellants

## CERTIFICATE OF SERVICE

I certify that on October 20, 2015 a true and correct copy of the foregoing document was served to Appellee's Attorney of Record, by e-mail.

_____*Lana Johnson*_____
LANA JOHNSON

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Reply Brief contains 1,170 words.  This computer-generated document created in Word Perfect using 14-point typeface for all text.  In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____*Lana Johnson*_____
LANA JOHNSON

**Texas Rules**

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 4. Pleading.**

**C. Pleadings of Defendant**

*As amended through June 10, 2014*

### Rule 90. WAIVER OF DEFECTS IN PLEADING

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

**Texas Rules**

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 4. Pleading.**

**C. Pleadings of Defendant**

*As amended through June 10, 2014*

**Rule 91. SPECIAL EXCEPTIONS**

A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to.

**Texas Rules**

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 4. Pleading.**

**C. Pleadings of Defendant**

*As amended through June 10, 2014*

**Rule 93. CERTAIN PLEAS TO BE VERIFIED**

A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

1. That the plaintiff has not legal capacity to sue or that the defendant has not legal capacity to be sued.

2. That the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued.

3. That there is another suit pending in this State between the same parties involving the same claim.

4. That there is a defect of parties, plaintiff or defendant.

5. A denial of partnership as alleged in any pleading as to any party to the suit.

6. That any party alleged in any pleading to be a corporation is not incorporated as alleged.

7. Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit shall be sufficient if it states that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority. In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.

8. A denial of the genuineness of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee and in the absence of such a sworn plea, the indorsement or assignment thereof shall be held as fully proved. The denial required by this subdivision of the rule may be made upon information and belief.

9. That a written instrument upon which a pleading is founded is without consideration, or that the

consideration of the same has failed in whole or in part.

10. A denial of an account which is the foundation of the plaintiffs action, and supported by affidavit.

11. That a contract sued upon is usurious. Unless such plea is filed, no evidence of usurious interest as a defense shall be received.

12. That notice and proof of loss or claim for damage has not been given as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity.

13. In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

(a) Notice of injury.

(b) Claim for Compensation.

(c) Award of the Board.

(d) Notice of intention not to abide by the award of the Board.

(e) Filing of suit to set aside the award.

(f) That the insurance company alleged to have been the carrier of the workers' compensation insurance at the time of the alleged injury was in fact the carrier thereof.

(g) That there was good cause for not filing claim with the Industrial Accident Board within the one year period provided by statute.

(h) Wage rate.

A denial of any of the matters set forth in subdivisions (a) or (g) of paragraph 13 may be made on information and belief.

Any such denial may be made in original or amended pleadings; but if in amended pleadings the same must be filed not less than seven days before the case proceeds to trial. In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them, must be proved.

14. That a party plaintiff or defendant is not doing business under an assumed name or trade name as alleged.

15. In the trial of any case brought against an automobile

insurance company by an insured under the provisions of an insurance policy in force providing protection against uninsured motorists, an allegation that the insured has complied with all the terms of the policy as a condition precedent to bringing the suit shall be presumed to be true unless denied by verified pleadings which may be upon information and belief.

16. Any other matter required by statute to be pleaded under oath.